UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW E. HORTA, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff | ) **FLSA COLLECTIVE ACTION** |
| | ) **COMPLAINT UNDER** |
| vs. | ) **29 USC § 216(b)** |
| | ) |
| INDY TRANSPORT, INC., | ) **CASE NO.** 1:20-cv-2659 |
| | ) |
| Defendant | ) |

*PLAINTIFF'S FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES*

*I.  INTRODUCTION*

Plaintiff Matthew E. Horta ("Horta") brings his own individual claims under the Indiana Wage Claims Statute and FLSA collective action claims against his former employer, Defendant Indy Transport, Inc. ("Indy Transport") to address class-wide wage and hour and overtime violations committed by Indy Transport against Horta and his fellow dump truck drivers. Horta will serve as the representative plaintiff in the FLSA collective action.

Specifically, Indy Transport has been systematically underpaying wages and overtime wages to Horta and similarly situated dump truck drivers in several ways. First, Indy Transport pays its dump truck drivers at an hourly rate of pay, but Indy Transport has been substantially underpaying wages to all dump truck drivers by failing to pay on a continuous workday basis. Indy Transport is not paying drivers from the moment of their first principal work activities - typically arrival at the yard and the starting and inspection of a dump truck at the beginning of the day - through the last principal work activity of the day - typically the return of the truck and final

cleaning of the dump truck at the end of the work day. Instead, Indy Transport is underpaying Horta and other dump truck drivers by an average of one hour each day and five or more hours each week.

Second, Indy Transport is and has been underpaying overtime compensation to its hourly-paid drivers on a systematic, class-wide basis as a result of an unlawful practice by which Indy Transport is 1) failing to include work hours it calls "Non-Prod Time" as work hours included in the determination of whether or not dump truck drivers worked overtime (more than 40 hours) in a work week, and 2) paying a very small amount of money without stating the number of hours worked in the category of "Non-Prod Time," but failing to include that "Non-Prod Time" wage in the calculation of employees' regular rates of pay and, in so doing, failing to include all earned wages in its calculation of its employees' overtime rate of pay.

Horta's FLSA collective action claims based upon Indy Transport's class-wide failure to pay employees' based upon a continuous workday and systematic failure to include all earned wages in the calculation of regular rates of pay and overtime rates of pay will all be perfect for collective action treatment and will be easy to prove. Indy Transport's wage and hour violations will be will be shown on the face of pay stubs Indy Transport issues to its employees and on time records kept on employees' actual work hours.

## II. FACTUAL ALLEGATIONS

1. Horta is a resident of the State of California, but during his employment with Indy Transport, Horta resided in the State of Indiana.

2. Indy Transport, Inc. ("Indy Transport") is a dump truck business. Horta worked for Indy Transport from its Indianapolis, Marion County, Indiana yard.

3. Horta was hired by Indy Transport in on or about April 9, 2020 to work for it as a dump truck driver. Horta and all of his fellow dump truck drivers drove Indy Transport's dump trucks only on routes within the State of Indiana. Horta and his fellow Indy Transport coworkers were never engaged in any interstate commerce or interstate driving. Indy Transport involuntarily terminated Horta's employment on or about September 14, 2020.

4. At all times during his employment with Indy Transport, Horta was paid wages on an hourly basis and treated as a non-exempt employee.

5. As described above, Indy Transport is and has been underpaying overtime compensation to its hourly-paid drivers on a systematic, class-wide basis as a result of an unlawful practice by which Indy Transport is failing to include all of its employees' earned wages, particularly wages it calls "Non-Prod Time," in its calculation of employees' regular rates of pay and, in so doing, is failing to include all earned wages in its calculation of its employees' overtime rate of pay. Additionally, Indy Transport is failing to count any of the hours constituting "Non-Prod Time" toward overall hours worked in a work week and, in so doing, is significantly failing to pay overtime wages. For purposes of clarity, Horta would also assert that he and his fellow dump truck drivers are not provided any type of bona fide meal period or meal break during the course of their continuous work days.

6. During every pay period in which Horta worked and was owed overtime compensation, Indy Transport only paid Horta at an overtime rate equal to one and one-half times his $30.71 per hour base rate of pay.

7. Indy Transport is similarly underpaying overtime compensation to all of its similarly situated dump truck driver employees by failing to pay overtime hours worked at full

overtime rates of pay - one and one-half times the full regular rate of pay, which should include the "Non-Prod Time" wages.

8. Indy Transport has created a policy and practice whereby it significantly underpays dump truck drivers overtime compensation by failing to properly include "Non- Prod Time" wages in the regular rate of pay and by failing to properly calculate overtime hours and overtime rates of pay required by the FLSA.

9. Based upon its long-standing policy and practice of improperly calculating overtime compensation, Indy Transport has been systematically underpaying its dump truck drivers significant sums of overtime wages on a weekly basis. The aggregate sum of unpaid overtime for all dump truck drivers is very substantial on a weekly and on an annual basis.

10. Based upon information and belief, particularly when including employee turnover, Reese estimates that Pucks applied its unlawful method of calculating and paying delivery drivers for overtime hours of work in a manner that affects many employees and former employees.

11. Indy Transport has intentionally, knowingly, with reckless disregard and systematically violated its dump truck drivers' rights to earned overtime through Indy Transport's unlawful overtime calculation and payment policies.

12. Indy Transport is further creating wage and hour and overtime violations by failing to pay Horta and his similarly situated dump truck drivers for all hours of work each week. Pucks pays its dump truck drivers at an hourly rate of pay, but Indy has been substantially underpaying wages to drivers by failing to pay on a continuous workday basis. Pucks is not paying drivers from the moment of their first principal work activities - typically arrival at the

yard and the starting and inspection of a truck at the beginning of the day - through the last principal work activity of the day - typically the return of the truck and final cleaning of the truck at the end of the work day.  This is true even though Horta and his fellow dump truck drivers would report their actual start and end times on Indy Transport records each day.  Instead, Indy Transport is underpaying Horta and other drivers by many hours of work time each week.  This systematically creates significant unpaid wage and overtime violations each week, causing each driver to lose one or more hours per day and five or more hours per week in paid wages.

13. All of the time Indy Transport's drivers spend at work, from first to last principal activity of each day, is work time and must be compensated under the law.

14. Pursuant to its systematic, class-wide practice, Indy Transport is not compensating its hourly-paid dump truck drivers for all work time at the beginning of each employee's shift and at the end of each employee's shift.

15. Indy Transport intentionally and knowingly violated Horta and all dump truck drivers' rights to earned wages through Indy Transport's conscious and deliberate decision not to pay employees for all work time.

16. During many calendar weeks in 2020, Horta worked in excess of forty hours and was owed additional overtime compensation based upon Indy Transport's unlawful failure to pay Horta for all of his compensable work hours.  In every work week, Horta and his fellow dump truck drivers lost wages as a result of Indy Transport's failure to pay for all work hours.  Moreover, in every work week involving more then forty hours of work, Horta and his fellow dump truck drivers lost overtime wages as a result of Indy Transport's failure to pay for all work hours.

17. As described in the Introduction, Indy Transport is and has been underpaying overtime compensation to its hourly-paid drivers on a systematic, class-wide basis as a result of an unlawful practice by which Indy Transport is 1) failing to include work hours it calls "Non-Prod Time" as work hours included in the determination of whether or not dump truck drivers worked overtime (more than 40 hours) in a work week, and 2) paying a very small amount of money without stating the number of hours worked in the category of "Non-Prod Time," but failing to include that "Non-Prod Time" wage in the calculation of employees' regular rates of pay and, in so doing, failing to include all earned wages in its calculation of its employees' overtime rate of pay.

17. Horta can provide a specific example. During the one week pay period from June 1, 2020 to June 7, 2020, Horta worked and reported "start times" and "end times" to Indy Transport that he worked a total of 55.0 hours. Using the lesser "in" and "out" times, Indy Transport claims it paid Horta at a base rate of $30.71 per hour for a total of only 48.75 hours and, of those 48.75 overall hours, it paid Horta at an overtime rate of $46.065 per hour for 10.25 overtime hours. According to Indy Transport's own time records and pay stub, Indy Transport underpaid Horta for at least 6.25 overtime hours in this one work week. Additionally, Indy Transport failed to include in Horta's regular rate of pay, and subsequently, his overtime rate of pay, wages that Indy Transport called "Non-Prod Time" and paid in a lump sum of $72.50. This can be confirmed by the pay stub which shows that Horta's overtime wages were paid at $46.065 per hour, which is precisely one and one-half times Horta's base rate of pay of $30.71 per hour. Indy Transport paid Horta gross wages of $1,727.01 for the week. Indy Transport should have paid Horta for all 55.0 hours he worked and reported. His 55.0 hours would be paid at $30.71

per hour, for $1,689.05.  To that total, the "Non-Prod Time" wages of $72.50 would be added, creating total wages of $1,761.55.  To arrive at Horta's regular rate, the $1,761.55 would be divided by all 55.0 hours, resulting in a full regular rate of $32.03 per hour.  That figure would be multiplied by 1.5 to arrive at Horta's full overtime rate of $48.04 per overtime hour, however, the one-half time overtime premium can also be determined by dividing $32.03 per hour in half, resulting in overtime premium pay of $16.015 per hour.  The 15.0 overtime hours would be multiplied by this overtime premium amount of $16.015 and Horta would be owed overtime premium pay of $240.23 for the week, which would be added to $1,761.55.  Horta's total gross wages for the work week should have been at least $2,001.78.  Horta lost $274.77 in wages in this one week.  Using the FLSA's presumptive liquidated damages, Horta would be owed $549.54 for just this one work week.

     Indy Transport committed these same FLSA overtime violations through failure to pay for all hours and failure to properly calculate overtime compensation in virtually every pay period worked by Horta.

     18.    Indy Transport is similarly underpaying overtime compensation to all of Horta's similarly situated dump truck drivers by failing to pay overtime hours worked at full overtime rates of pay - one and one-half times the full regular rate of pay - and by failing to pay for substantial recorded work hours each week.

     19.    Horta is expressly alleging that Indy Transport acted in bad faith in violating its dump truck drivers' rights under the FLSA and Horta's rights under the Indiana Wage Claims Statute.  Indy Transport certainly did not seek to comply with the Indiana Wage Claims Statute in good faith.

20. By way of this Complaint, Horta seeks for himself and for all other similarly situated dump truck driver employees all unpaid wages, all unpaid overtime, all available statutory damages, including all liquidated damages, and payment of his reasonable attorneys' fees, costs and expenses.

### III. COLLECTIVE ACTION ALLEGATIONS

21. Horta incorporates herein by reference paragraphs 1 - 20 above.

22. This Complaint is brought as a collective action under the FLSA on behalf of Horta and other current and former Indy Transport dump truck drivers who were similarly denied payment of wages and overtime compensation under Indy Transport's compensation scheme that involved the improper calculation of regular rates of pay needed to properly calculate overtime rates of pay and the underpayment of work hours and overtime compensation.

23. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Horta and all Indy Transport current and former hourly-paid dump truck drivers who were damaged by Indy Transport's compensation system which required and resulted in unpaid or underpaid overtime work. By virtue of the "collective action," Horta represents the identical and/or similar interests of former and current hourly-paid dump truck drivers denied full overtime compensation under the same circumstance. Horta anticipates that other Indy Transport employees and former employees will opt in to the action.

24. The number of Indy Transport current and former employees who will be members of this collective action is so great that joinder of all members is impractical. Instead, Horta will pursue discovery to obtain the names of the other current and former Indy Transport

dump truck drivers, to provide notice of the collective action, and to offer the opt-in opportunity.

25. Particularly with the types of overtime wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

26. Horta's claims are typical of the claims of the whole collective group of current and former hourly-paid dump truck drivers harmed by Indy Transport's illegal overtime calculation and payment practices.

27. Horta will act to fairly and adequately protect the interests of the entire collective group of current and former Indy Transport dump truck drivers.

28. A collective action is superior to other available means for the fair and efficient prosecution of these wage claims against Indy Transport. For example, to prove Indy Transport's illegal overtime practices, Horta and other members of this collective group would seek in discovery records about all similarly situated current and former Indy Transport dump truck drivers who were similarly denied earned overtime compensation. Individual lawsuits by the members of the collective group could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

29. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of

financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

30. A collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

### IV.  JURISDICTION AND VENUE

31. This Court has jurisdiction over Horta's FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Horta's individual claims under the Indiana Wage Claims Statute, which have a common basis in fact with his own and the other Plaintiff class members' FLSA claims.

32. This Court is the appropriate venue for this cause of action as Horta worked for Indy Transport at its Marion County, Indiana facility and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

### V.  ADMINISTRATIVE PROCEDURES

33. Horta complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. Horta was involuntarily terminated from employment by Indy Transport. As such, Horta's wage claims to recover his unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9. Horta obtained a letter from the Indiana Attorney General's Office dated October 7, 2020, which permits his attorney to file this wage claim on his behalf as the Indiana Attorney General's "designee."

### VI.  STATEMENT OF CLAIMS

### A. *Fair Labor Standards Act Claims Based Upon Regular Rate Violations*

34. Horta incorporates herein by reference paragraphs 1 through 33 above.

35. Indy Transport is an "enterprise" as that term is defined by the FLSA, and Indy Transport is covered by the overtime and minimum wage provisions of the FLSA. Indy Transport is an "employer," as that term is defined by the FLSA. Finally, Indy Transport is a "person" as that term is defined by the FLSA.

36. Indy Transport committed overtime violations under the FLSA against Horta and all similarly situated dump truck drivers, as earned, regularly paid "Non-Prod Time" should have been included in employees' regular rates of pay and included in any calculation of overtime compensation due to Horta and each and every similarly situated class member in each and every week in which both overtime compensation and such "Non-Prod Time" was owed.

37. Because it failed to include earned "Non-Prod Time" wages in its calculation of overtime compensation, Indy Transport failed to pay Horta and each and every similarly situated dump truck driver at the full and correct overtime rate of pay, as required by the FLSA, in any and all calendar weeks in which Horta and every similarly situated dump truck driver worked in excess of forty (40) hours.

38. Additionally, Indy Transport has repeatedly violated the FLSA's overtime provisions by failing to pay Horta and each similarly situated dump truck driver at overtime rates of pay for every overtime hour worked.

39. Indy Transport's failure to comply with the FLSA's provisions regarding overtime compensation has been willful and without justification, and subjects Indy Transport to a three year statute of limitations.

40.   Horta and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Indy Transport's violations of their rights under the Fair Labor Standards Act.

### B. *Fair Labor Standards Act Claims Based Upon Unpaid Hours of Work*

41.   Horta incorporates herein by reference paragraphs 1 through 40 above.

42.   Indy Transport is an "enterprise" as that term is defined by the FLSA, and Indy Transport is covered by the overtime and minimum wage provisions of the FLSA. Indy Transport is an "employer," as that term is defined by the FLSA. Finally, Indy Transport is a "person" as that term is defined by the FLSA.

43.   Indy Transport violated Horta's rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. Indy Transport has committed overtime violations by failing to pay Horta and his similarly situated coworkers for all overtime hours of work, particularly based upon its unlawful failure to pay for all work hours from a first principal activity to a last principal activity each work day.

44.   Indy Transport has repeatedly violated the FLSA's overtime provisions by not paying Horta and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

45.   Indy Transport's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Indy Transport to a three year statute of limitations.

46.   Horta and the Plaintiff Class seek all available damages, including unpaid wages,

unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Indy Transport's violations of their rights under the Fair Labor Standards Act.

### C. Horta's Individual Claim Under the Indiana Wage Claims Statute

47. Horta incorporates herein by reference paragraphs 1 through 46 above.

48. Indy Transport's failure to pay Horta his wages 1) on time and 2) in full were acts of bad faith. Horta is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages. Horta's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

49. By way of this Complaint, Horta is seeking all available damages, including wages caused by Indy Transport's failure to pay Horta for all hours of work. Horta is owed an additional amount equal to two (2) times his underpaid and unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

### VII. PRAYER FOR RELIEF

WHEREFORE, Horta respectfully requests that the Court enter judgment against Indy Transport and issue all available relief to him and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Claims Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All unpaid and underpaid wages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com

WILLIAMSON CIVIL LAW, LLC

Aaron J. Williamson
Attorney No. 32803-49
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
(317) 434-0370
Facsimile: (765) 204-7161
aaron.williamson@wcivillaw.com