UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW E. HORTA individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 1:20-cv-02659-SEB-MJD ) |
| INDY TRANSPORT, INC., | ) ) |
| Defendant. | ) |

**ORDER GRANTING JOINT MOTION FOR CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE ACTION AND APPROVAL OF PROPOSED COLLECTIVE ACTION NOTICE**

This cause is before the Court on the Parties' Joint Motion for Conditional Certification of a FLSA Collective Action and Approval of Proposed Collective Action Notice pursuant to 29 U.S.C. § 216(b) [Docket No. 27], filed on January 12, 2021. Plaintiff Matthew Horta is a former dump truck driver for Defendant Indy Transport, Inc. Plaintiff alleges that Defendant has a policy and practice of systematically underpaying regular and overtime wages to himself and similarly situated truck drivers in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff also asserts a state law claim under the Indiana Wage Claims Statute, Ind. Code § 22-2-904(b). For the reasons below, we GRANT the Parties' Joint Motion and conditionally certify this FLSA collective action pursuant to § 216(b).

1

## Factual Background

Defendant Indy Transport, Inc. ("Indy Transport") is a dump truck business operating in and around Indianapolis, Indiana. [Compl. ¶ 2]. Plaintiff Matthew Horta ("Mr. Horta") was hired by Indy Transport as a dump truck driver on or about April 9, 2020 and was involuntarily terminated on September 14, 2020. [Compl. ¶ 3]. While employed, Mr. Horta's and other drivers' primary job responsibility was driving dump trucks within the State of Indiana. [Compl. ¶ 3]. He was paid wages on an hourly basis and treated as a non- exempt employee under the FLSA. [Compl. ¶ 4].

Mr. Horta alleges that Indy Transport requires its drivers to inspect dump trucks before the beginning of their scheduled shifts and to inspect and clean trucks after the end of their scheduled shifts. [Compl. ¶ 12]. Indy Transport allegedly does not compensate its drivers for any time spent on these principal work activities, even though employees report their actual start and end times each day, resulting in underpayment of roughly one hour each day. [Compl. ¶ 12]. It allegedly "has been substantially underpaying wages to drivers by failing to pay on a continuous workday basis." [Compl. ¶ 12].

In addition, Mr. Horta alleges that Indy Transport tracks work hours called "Non-Prod Time" but only pays "a very small amount of money without stating the number of hours worked in the category of 'Non-Prod Time'" and does not include them in the determination of the number of hours drivers work in a week. [Compl. ¶ 17]. Mr. Horta alleges two harms arising from this practice: (1) workers are not paid for all earned wages when "Non-Prod Time" is excluded from wage calculations, and (2) workers who actually work more than forty hours each week are not paid at the overtime rate required

by the FLSA. [Compl. ¶ 8, 17]. Indy Transport allegedly "is and has been underpaying overtime compensation to its hourly-paid drivers on a systemic, class-wide basis as a result of an unlawful practice." [Compl. ¶ 17].

Mr. Horta has filed a collective action complaint on behalf of himself and similarly situated persons employed by Indy Transport on October 13, 2020, alleging that its policies and practices deprived them all of compensation for a continuous workday and all earned wages at regular and overtime rates, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [Compl. at 2, ¶ 23]. The Parties filed a Joint Motion for Conditional Certification of a FLSA Collective Action and Approval of Proposed Notice of FLSA Collective Action on January 12, 2021. [Docket No. 27].

We review below the conditional certification, the contents of the notice, and the procedures by which it will be effectuated.

## Discussion

"The Fair Labor Standards Act gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b) (2006)). Courts in this circuit commonly apply a two-step test to determine whether an FLSA claim may proceed as a collective action. *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 438 (S.D. Ind. 2012); *see Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 n. 5 (7th Cir. 2020) (noting that district courts across the nation apply different "similarly situated" tests and declining to either require or disapprove of the two-stage test). Because the second step occurs following completion of discovery and

the opt-in process, *Smith v. Pro. Transp., Inc.*, 2018 WL 573098 at *8 (S.D. Ind. Jan. 26, 2018), we will limit our analysis here to only the first step.

### I. The FLSA Collective Action Should Be Conditionally Certified

"The first step, also known as the notice stage, involves an analysis of the pleadings and affidavits that have been submitted to determine whether notice should be given to potential class members." *Hawkins*, 287 F.R.D. at 438-39 (citing *Campbell v. Advantage Sales & Mktg., LLC*, 2010 WL 3326752 at *3 (S.D. Ind. Aug. 24, 2010)). Here, the plaintiff must "make a modest factual showing that he or she and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law." *Smith*, 2018 WL 573098 at *8 (quotations omitted).

Mr. Horta has clearly satisfied this modest factual showing that he is similarly situated to the potential opt-in plaintiffs. Mr. Horta has alleged that he performed substantially similar duties as other "present and former hourly paid dump truck drivers who worked for Defendant at any time from October 13, 2017 to present," [Docket No. 27 ¶ 1]. He has also alleged that they were all victims of Indy Transport's alleged common unlawful policies of (1) requiring its dump truck drivers to perform uncompensated pre- and post-shift activities and (2) undercompensating drivers for overtime hours worked. [Compl. ¶ 22-23].

Given that Indy Transport has jointly moved with Mr. Horta for the conditional certification of the collective action,[1] we find no reason to deny this initial certification.

---

[1] Indy Transport retains "the right to seek de-certification of the collective action in the future and nothing in [the] Joint Motion will be construed to waive any arguments about contesting the

Accordingly, we grant conditional certification, noting that final certification will require more than the "modest factual showing" required at this early stage. *See Smith*, 2018 WL 573098 at *8-10 (concluding that final certification was inappropriate where plaintiffs were not subject to a common policy, affirmative defenses would not apply to all plaintiffs, and it would be unfair to defendants to address the claims on a class-wide basis).

## II.   The Proposed Collective Action Notice Should Be Approved

After conditional certification of a collective action is granted, the Court "has discretion to authorize notice to similarly situated employees." *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 963 (S.D. Ind. 2016) (Baker, J.) (mag. j. op.) (citing inter alia *Alvarez*, 605 F.3d at 449). "[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 486-87 (1989). "In effect, the Court takes on a managerial role, but must take care to avoid the appearance of judicial endorsement of the merits of the action." *Knox*, 208 F. Supp. 3d at 963.

The Parties have proposed to effect the required notice according to the following procedures: (1) within twenty-one days of this Order, Defendant shall provide to Plaintiff a complete list of the names and addresses of all persons within the collective group; (2) within twenty-one days of receipt of such information Plaintiff shall send by U.S. mail

---

future appropriateness of certification and/or the merits of the plaintiffs' claims." [Docket No. 27 ¶ 6].

copies of the "FLSA Collective Action Notice" and "Consent to Join" forms to individuals within the Collective; and (3) the putative collective members shall have sixty days to return their signed Consent Forms, by mail, email, or fax, to Plaintiff's counsel for filing with the Court. [Docket No. 27 ¶ 5].

The FLSA Collective Action Notice and Consent to Join forms proffered by the parties set forth all the information on which the Court typically would rely in granting approval: it informs eligible collective members of the reason they are receiving the notice as well as the facts giving rise to this lawsuit, describes the current procedural posture of the case, and explains the process by which eligible members may (or may not) participate in the lawsuit. *See, e.g.*, *Weninger v. Gen. Mills Operations LLC*, 344 F. Supp. 3d 1005, 1015 (E.D. Wis. 2018); *Carrel v. Medpro Grp., Inc.*, 1:16-CV-130-TLS, 2016 WL 4884157, at *3 (N.D. Ind. Sept. 15, 2016).

We therefore find the proposed notice to be appropriate, accurate, and in furtherance of the goals of FLSA collective-action notice. Likewise, we find the proposed notice procedures to be appropriate. *See Shumate v. Genesco, Inc.*, 2018 WL 259942 at *5 (S.D. Ind. 2018) (approving similar notice procedures). Accordingly, we approve the Joint Motion and authorize Plaintiffs to disseminate the notice documents (attached as Exhibit 1 and Exhibit 2 to the Joint Motion) as set forth in the Joint Motion. We note that in authorizing notice the Court takes no position on the merits of the claims.

## Conclusion

For the reasons detailed above, the Parties' Joint Motion for Conditional Certification of a FLSA Collective Action and Approval of Proposed Collective Action Notice [Dkt.

No. 27] is GRANTED.

The Court CONDITIONALLY CERTIFIES the Collective described as follows:

> Present and former hourly dump truck drivers who worked for Defendant at any time from October 13, 2017 to present.

The Parties' Joint Motion and its attached notice documents are APPROVED. Plaintiff is authorized to disseminate notice as set forth in the Joint Motion.

IT IS SO ORDERED.

Date: 4/28/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
bburgan@taftlaw.com

Robert Peter Kondras, Jr.
HASSLER KONDRAS MILLER LLP
kondras@hkmlawfirm.com

Evan T. Priestle
TAFT STETTINIUS &HOLLISTER LLP
epriestle@taftlaw.com

Aaron J. Williamson
WILLIAMSON CIVIL LAW, LLC
aaron.williamson@wcivillaw.com