**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MATTHEW E. HORTA, individually and on
behalf of others similarly situated,

              Plaintiff,

    v.

INDY TRANSPORT, INC.,

             Defendant.

Case No. 1:20-CV-02659-SEB-MJD

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement," "Settlement" or "Agreement") is entered into between: (a) Defendant Indy Transport, Inc. ("Indy Transport" or "Defendant"); and (b) Named Plaintiff Matthew Horta ("Named Plaintiff"), and the only four other former employees of Indy Transport who have opted into this case, Nathan Bass, William Honey, Jeremey Lovelace, and J. Blake Helt (collectively, "Opt-in Plaintiffs") (all parties to the settlement, collectively, the "Parties").

## I.    FACTUAL BACKGROUND AND RECITALS

1.    On October 13, 2020, the Named Plaintiff filed the above-captioned lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Indiana Wage Claims Statute ("Indiana Claims"), I.C. 22-2-9-1, *et seq.* [Doc. No. 1] (the "Complaint"). Via a collective action under the FLSA, Named Plaintiff sought to represent himself and all other similarly situated current and former hourly-paid dump truck drivers employed by Indy Transport who he alleged were denied full overtime compensation under the same circumstance as he alleged.

2.      On November 6, 2020, Defendant filed its Answer and Defenses to the Complaint,

denying all liability [Doc. No. 8].  On January 13, 2021, Defendant filed its Amended Answer and

Defenses to the Complaint, again denying all liability.  [Doc. No. 28)

3.      On January 12, 2021, Named Plaintiff and Defendant filed a joint motion for

conditional certification of an FLSA collective action. [Doc. No. 27]

4.      On April 28, 2021, the Court granted the joint motion for conditional certification

of an FLSA collective action.  [Doc. 30]  The Court conditionally certified a collective group of

all present and former hourly dump truck drivers who worked for Defendant at any time from

October 13, 2017 to present.  [*Id.*]  The Court also approved the notice documents and authorized

Named Plaintiff and his counsel to disseminate the notice as set forth in the joint motion.  [*Id.*]

5.      On May 13, 2021, Defendant's counsel sent Named Plaintiff's counsel a list of the

individuals who would fall within the Court's conditionally certified collective group.

6.      On May 14, 2021, Named Plaintiff's counsel mailed the Court-approve notice to

the list of individuals who would fall within the Court's conditionally certified collective, thereby

triggering a sixty-day period within which the putative collective group member was required to

return a signed Consent Form to Named Plaintiff's counsel for filing with the Court.

7.      On May 25, 2021, a Consent to Become a Party Plaintiff in a Collective Action

Under the FLSA was filed by and on behalf of J. Blake Helt.  [Doc. 35]  On May 28, 2021, a

Consent to Become a Party Plaintiff in a Collective Action Under the FLSA was filed by and on

behalf of Jeremey Lovelace.  [Doc. 36]  On June 3, 2021,  Consents to Become a Party Plaintiff in

a Collective Action Under the FLSA were filed by and on behalf of William Honey and Nathan

2

Bass. [Doc. 38]  No other Consent forms were filed prior to the closing of the sixty-day notice period.

8.      Prior to the Court-ordered mediation on September 29, 2021, Defendant produced to Named Plaintiff's counsel all time and pay records for Named Plaintiff and the four Opt-In Plaintiffs that Defendant has in its possession, custody, and control.

9.      On September 29, 2021, the Parties and their respective counsel engaged in in a mediation before United States Magistrate Judge Mark Dinsmore, culminating in their agreeing to compromise and settle all claims asserted by: Named Plaintiff and the four Opt-in Plaintiffs (collectively, "Claimants") pertaining to, arising from, or associated with their FLSA claims and Named Plaintiff's state law claims, including but not limited to, the allegations in the Complaint, and as set forth herein.

10.      The Parties have agreed to settle this case on the terms and conditions set forth herein in recognition that the outcome of the case is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

11.      Defendant denies and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind related to the claims and contentions asserted by Claimants. Despite Defendant's belief that it is not liable for and has good defenses to the claims alleged in the Complaint, Defendant desires to settle the case and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally resolved in this Settlement Agreement. Neither this Settlement Agreement, nor any settlement negotiation or discussion thereof, is or may be deemed to be or may be used as an admission of or evidence of any wrongdoing or liability of Defendant.

3

12.     Claimants' counsel represent that they have conducted a thorough investigation into the facts and have diligently investigated the Claimants' claims. Based on their own investigation and evaluation, Claimants' counsel are of the opinion that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of Claimants in light of all known facts and circumstances.

13.     Defendant denies the allegations in the Complaint and deny that it has failed to pay any wages owed to Claimants. Defendant further denies any liability for alleged failure to pay overtime compensation or liability for any other allegation in the Complaint. Defendant is entering into this Agreement for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees (as defined below) of any fault, liability or wrongdoing, which Defendant expressly denies.

14.     The Parties recognize that the Court's approval of this Settlement is required to effectuate it. The Parties agree that the Settlement will not become operative or effective until the Court grants its approval of it, the Settlement becomes Final within the meaning of this Agreement, and when the Settlement Effective Date occurs.

15.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that the Claimants' claims as described herein against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that their Released

4

Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to Defendant and Releasees, in the manner and upon the terms and conditions set forth below.

## II.    DEFINITIONS

16.    The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.    "Approval" or "Approval Order" means the Court's Order approving the Settlement and entering judgment, without modification or change to any material term herein.

b.    "Attorneys' Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Claimants' Counsel for the services they rendered to Claimants in connection with this case and the claims alleged in this Complaint.

c.    "Claimants' Counsel" means Hassler Kondras Miller LLP and Williamson Civil Law, LLC.

d.    "Court" means the United States District Court for the Southern District of Indiana.

e.    "Indy Transport" means Indy Transport, Inc.

f.    "Defendant's Counsel" means Taft Stettinius & Hollister LLP.

g.    "Effective Date" means 21 business days after the Court's approval Order.

h.    "Gross Settlement Amount" means the sum of Twenty Thousand Dollars and No Cents ($20,000.00).

i.    "Lawsuit" means the above captioned lawsuit.

j.    "Named Plaintiff" means Matthew Horta.

k.    "Opt-in Plaintiffs" means Nathan Bass, William Honey, Jeremey Lovelace, and

5

J. Blake Helt.

l.  "Claimants" means the Named Plaintiff and the Opt-in Plaintiffs.

m.  "Net Settlement Amount" means the Gross Settlement Amount less Claimants' Counsel's attorneys' fees in the amount of Thirteen Thousand One Hundred Forty-Seven Dollars and Ninety-Two Cents (13,147.92).

n.  "Parties" means the parties to this Agreement.

o.  The "Released Claims" are those released claims described below in paragraphs 17 and 18.

p.  "Releasees" means Defendant individually and as to its past and present parent companies, subsidiaries, divisions, affiliates, and joint ventures, and all of its past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos or joint employers, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, incentive compensation plans, partners, profit sharing, savings, health and welfare, and other employee benefit plans of any nature, the successors of any such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

q.  "Settlement Award" means the payment that each of the Claimants shall be entitled to receive pursuant to the terms of this Agreement.

### III.   RELEASES

17.     To the fullest extent permitted by law, Claimants release and waive any and all claims against Releasees they have or may have related to payment of wages through September 29, 2021, including but not limited to claims under the FLSA and all other federal, state, and local laws and commons law, and including personal claims and claims for interest, attorneys' fees and costs, that exist as of the date this Agreement is executed by and on behalf of Claimants, whether known or unknown, that have been or could be asserted against directors, officers, managers, supervisors, representatives, attorneys, insurers, fiduciaries, agents and employees.  This waiver and release specifically includes any claims or allegations that were or have been made in this Lawsuit.

18.     Named Plaintiff knowingly and voluntarily waives and releases Releasees from any and all claims (legal or equitable, known or unknown, contingent or mature) that he now has or may have had against Releasees, including but not limited to those arising under any federal or state statute or under the common law of Indiana or any other state, including without limitation any claims alleging violation or breach of any federal, state, or local statute, regulation, ordinance, or common law, and/or breach of any contract, including, specifically, without limitation, any claims alleging violations of 42 U.S.C. § 1981, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans With Disabilities Act, the National Labor Relations Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and Indiana civil rights laws; and claims that Named Plaintiff could have asserted in this action against Defendant.  Named Plaintiff may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the

released claims, but expressly shall be deemed to have fully, finally, and forever settled and released any and all claims that exist as of the date he executes this Agreement.

19.     Nothing in this paragraph prohibits Claimants from filing a charge of discrimination with the EEOC or similar state or local administrative agency. Each Claimant acknowledges and agrees, however, that in the event he files such a charge he waives any right to collect any individual monetary recovery of any kind. Additionally, nothing in this Agreement shall be construed to release any claim a Claimant may have for worker's compensation benefits.

## IV.     SETTLEMENT APPROVAL

20.     **Approval Order.** The Parties shall file a Joint Motion for Approval of the Settlement Agreement and Release, requesting that the Court:

      a.  Approve the Settlement and its terms as fair, reasonable, and sufficient, and direct that the Complaint be dismissed with prejudice and in full and final discharge of any and all Claimants' Released Claims, but authorizing the Court to retain jurisdiction to enforce the terms of this Agreement;

      b.  Approve the requested Attorneys' Fee Award to Claimants' Counsel; and

      c.  Direct that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement.

## V.     SETTLEMENT FUNDING AND AWARD ALLOCATION

21.     **Payments.** Within twenty-one (21) business days following the later of (i) the Effective Date, or (ii) the date when Defendant receives required information from Claimants and Claimants' Counsel including, but not limited to, completed W-4 and W-9 forms, Defendant shall pay the Gross Settlement Amount as follows:

    a.  <u>Payment of Claimants' Attorneys' Fees</u>. The gross amount of $6,852.08 will be paid as directed to Claimants' Counsel Robert P. Kondras, Jr., and reported on IRS form 1099.

    b.  <u>Payment to Claimants Subject to W2.</u> The gross amount of $13,147.92 will be paid to the Claimants, less applicable, legally required withholdings and deductions, by checks issued to Claimants for alleged unpaid wages and general release, and will be reported on IRS form W-2. The distribution of the $13,147.92 will be as follows:

        i.   Matthew Horta: $7,956.36
       ii.   Nathan Bass: $546.48
      iii.   William Honey: $409.86
      iv.   Jeremey Lovelace: $1,229.58
       v.   J. Blake Helt: $3,005.64

22.    Defendant will bear the employer's share of payroll taxes payable on the preceding Payments to Claimants. Except for Defendant's share of payroll taxes, Claimants will be responsible for any tax liability, penalties, and interest arising from the allocation of the Payments under preceding Paragraph 21.

23.    Claimants' Counsel and Defendant's Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any settlement funds paid to any of the Claimants. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

## VI.    ADDITIONAL TERMS

24.    <u>No Admission of Liability.</u> This Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Released Parties of any fault or liability or wrongdoing and shall not be used or relied upon for any purpose in any other legal actions or proceeding(s) involving Defendant.

25. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by Claimants' Counsel/Defendant's Counsel for all Parties or their successors in interest.

26. **Effect of Non-Approval.** If the Court does not approve the Settlement or the Settlement does not reach the Effective Date for any reason, the Parties agree to engage in follow-up good faith negotiations with the intent of resolving any issues that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement thereafter remains not approved and/or not effective, then any Party may void this Agreement, and all Parties shall return to their respective positions on the day before this Agreement was executed, and this Agreement shall not be used in evidence or argument in any other aspect of this case.

27. **Re-employment or Contractual Relationships.** Claimants agree they will not apply for or seek re-employment or contractual opportunities with Defendant or its successors or assigns, and a violation of this provision will serve as a complete defense to claims of any unlawful conduct by Defendant related to Claimants' attempts to seek such opportunities.

28. **Authorization to Enter into Settlement Agreement.** Named Plaintiff warrants and represents that he is authorized to enter into this Agreement for himself and on behalf of the Opt-In Plaintiffs and to take all appropriate action required or permitted to be taken by himself and on behalf of the Opt-In Plaintiffs pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. Defendant warrants and represents that it is authorized to enter into this Agreement for itself and to take all appropriate action required or permitted to be taken by it pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties

10

and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement.

29.      **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Claimants, Defendant, individually and as to their executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate, or reorganize. Claimants represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

30.      **Entire Settlement Agreement.** This Agreement constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any of the Parties concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this Agreement.

31.      **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

32.      **Cooperation and Drafting.** The Parties have both participated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. This Agreement shall not be held invalid by reason of any typographical error(s). The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

33.     **Governing Law**. All terms of this Settlement Agreement shall be governed by and interpreted according to Indiana law.

34.     **Jurisdiction of the Court**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, including for purposes of overseeing settlement administration matters to the extent necessary, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

35.     **Confidentiality**.  The Parties will maintain this Agreement as confidential, except from their respective attorneys, tax and financial advisors, immediate family, and as otherwise required by law.

**- - - REMAINDER OF PAGE LEFT INTENTIONALLY BLANK - - -**

The undersigned duly executed this Agreement as of the date indicated below:

**CLAIMANTS' COUNSEL**

Dated: 9/29/21

Robert P. Kondras
Hassler Kondras Miller LLP
100 Cherry Street
Terra Haute, IN 47807

Aaron J. Williamson
Williamson Civil Law, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240

**DEFENDANT'S COUNSEL**

Dated: 9/29/21

Blake J. Burgan
Evan T. Priestle
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

**Matthew Horta**

By: _____
Matthew Horta

Date: 9-29-21

**INDY TRANSPORT, INC.**

By: _____

Name : _____

Title: _____

Date: _____

**Nathan Bass**

By: _____
Matthew Horta

Date: 9-29-21

13

The undersigned duly executed this Agreement as of the date indicated below:

**CLAIMANTS' COUNSEL**

_Robert P. Kondras, J_

Dated: _9/29/21_

Robert P. Kondras
Hassler Kondras Miller LLP
100 Cherry Street
Terra Haute, IN 47807

Aaron J. Williamson
Williamson Civil Law, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240

**DEFENDANT'S COUNSEL**

Dated: _____

Blake J. Burgan
Evan T. Priestle
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

**Matthew Horta**

By: _Matthew Horta_
        Matthew Horta

Date: _9-29-21_

**Nathan Bass**

By: _Matthew Horta_
        Matthew Horta

Date: _9-29-21_

**INDY TRANSPORT, INC.**

By: _Todd & Roberts_

Name: _Todd A. Roberts_

Title: _PRESIDENT_

Date: _9/29/2021_

**William Honey**

By: _Matthew Horta_
     Matthew Horta

Date: _9-29-21_

**Jeremey Lovelace**

By: _Matthew Horta_
     Matthew Horta

Date: _9-29-21_

**J. Blake Helt**

By: _Matthew Horta_
     Matthew Horta

Date: _9-29-21_

71072772v1

14